**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Milton a. Walden, II,

Petitioner-Appellant,

v.

Richardo Chevez, Warden,

Respondent-Appellee.

Civil No. 01-2241 (MJD/FLN)

**MEMORANDUM AND ORDER**

Petitioner has filed a notice of appeal in this matter, (Docket No. 7), seeking appellate review of the claims raised in his application for habeas corpus relief under 28 U.S.C. § 2241. The matter is presently before the Court on Petitioner's motion for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 8.)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

RICHARD D. SLETTEN, CLERK
JUDGMENT

In this case, Petitioner's IFP application shows that he is employed at the prison where he is currently confined, but he earns only about $13.00 per month. His earnings are supplemented by gifts from his wife of approximately $20.00 to $50.00 per month, but he apparently has no other source of income. His only reported asset is his prison trust account, which has a balance of only $40.38. Based on the information furnished in Petitioner's IFP application, the Court finds that he is financially eligible for IFP status.

While the Court does not believe that Petitioner has any meritorious grounds for an appeal, the Court is not prepared to say that his appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's motion to proceed in forma pauperis on appeal, (Docket No. 8), is GRANTED.

Dated: April 26, 2002

Michael J. Davis
United States District Court Judge